ANTONIO MARENO & KATHLENE
MARENO, Plaintiffs,

v.

The DIME SAVINGS BANK OF
NEW YORK, Defendant.

No. 05CIV.9818(CM).

United States District Court,
S.D. New York.

March 16, 2006.

Antonio Mareno, Yorktown Heights, NY, Pro se.

Kathlene Mareno, Yorktown Heights, NY, Pro se.

## DECISION AND ORDER DISMISSING PLAINTIFFS' CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION.

MCMAHON, District Judge.

### Introduction

Plaintiffs Antonio and Kathlene Mareno are, in the words of the Supreme Court, "state-court losers" seeking review of a state-court decision through the vehicle of a due process claim. The Marenos own a home in Yorktown Heights, subject to a mortgage held by Defendant Dime Savings Bank. In 2003, they allegedly ceased making payments on the debt, and, in 2004, Dime Savings filed a complaint in New York Supreme Court, Westchester County, seeking to foreclose. The state court, in the person of the Honorable Louis Barone, granted summary judgment in favor of the bank, and issued a judgment of foreclosure. The Marenos twice sought appellate review from the Second Department, but were denied.

The Marenos now assert that Justice Barone violated their due process rights by failing to give adequate weight to the evidence they submitted in their defense, and erred in handling certain procedural elements of the case. Defendant now

moves, *inter alia,* to dismiss the Marenos' claims as an improper appeal of a state-court judgment under the *Rooker–Feldman* doctrine.

I agree with the defendant, and dismiss plaintiffs' complaint.

### Facts

Plaintiffs in this action, Antonio and Kathlene Mareno, are the owners of the property located at 3505 Tulip Drive in Yorktown Heights, New York. Their purchase of that property was financed through a mortgage offered by the Dime Savings Bank of New York ("Dime Savings"). The rights to service the mortgage were later transferred to Fairbanks Capital Corp. of Salt Lake City ("Fairbanks Capital"). *See* Defendant's Opposition to Plaintiff's Order to Show Cause ("Def.Opp."), Ex. A. As part of the terms of the mortgage, plaintiffs were required to pay local property taxes themselves. However, according to the terms of the mortgage, in the event of non-payment, the mortgage holder could make up any deficit and add the amount of such tax payments to the amount due. *Id.*

Plaintiffs allegedly failed to pay the state taxes on their property for the years 2002 and 2003. As a result, pursuant to the terms of the mortgage, defendant made up the arrears and increased the monthly payment amount from $754.32 to $1268.33. The Marenos admit that they paid the original amount ($754.32) for one month after the increase (sometime in mid–2003), then ceased making payments altogether. Transcript of Oral Argument (Nov. 22, 2005) at 4. A demand letter was apparently sent to the Marenos on or around December 31, 2003.

On February 20, 2004, Dime Savings filed a complaint against the Marenos in the Supreme Court, Westchester County, seeking to foreclose on the mortgage. (Def.Opp.Ex. A). The Marenos, appearing *pro se,* answered on March 18, 2004.

On June 3, 2004, Dime Savings moved for summary judgment on its claims. Def. Opp. Ex. C. By written order dated July 7, 2004, Justice Louis Barone entered summary judgment in favor of the Bank, stating "Defendants have submitted no proof that they pay their own taxes. The increase in the monthly payment is for taxes." (Def.Opp.Ex. D). The decision was allegedly served on the Marenos by defendants on July 22. (Def.Opp.Ex. E).

At some point, the Marenos sent a letter to Justice Barone, enclosing a copy of their April 10, 2004 tax statement.[1] *See* Letter to Justice Barone dated July 2, 2004 (unnumbered Plaintiffs' Ex.). The letter appears to claim that Fairbanks Capital, rather than they, were responsible for the property taxes. It also argues that Fairbanks Capital's conduct in raising the payment amounts violated the Truth in Lending Act. *Id.* Despite the date on the letter, it was not received in chambers until August 10, 2004, well after Justice Barone issued his opinion. A handwritten endorsement on the letter, also dated August 10, reads "Enclosed are the [pages?] forwarded to this Ct. The Judgment of Foreclosure was signed. Either you must make a motion to set it aside or speak to the Bank." *Id.*

A subsequent judgment of foreclosure was issued by Justice Barone on September 27, 2004. (Def.Opp.Ex. F).

On November 19, 2004, the Marenos appealed from Justice Barone's July 7 de-

---

**1.** In their Reply papers to this Court, the Marenos also provide a tax summary from the Town of Yorktown. That document appears to show them in arrears in 2000, 2003, 2004 and 2005. It is not clear whether these documents were sent to Justice Barone.

cision to the Second Department. Their appeal challenged the conclusions of the trial court and the standing of Fairbanks Capital, the mortgage servicer, to bring the action. (Def.Opp.Ex. G).

On November 30, the Honorable Howard Miller signed an order to show cause staying execution of the judgment. *Id.* Thereafter, upon motion from Dime Savings, (Def.Opp.Ex. I) the Second Department dismissed the appeal as moot in light of the superceding September 27 judgment. (Def.Opp.Ex. J). The Second Department certified the decision on June 14, 2004. *Id.*

On August 17, 2005, the Marenos petitioned the Appellate Division for a stay and for additional time to perfect an appeal from Justice Barone's September 27, 2004 judgment. (Def.Opp.Ex. L). A second order to show cause staying execution of the judgment was issued on September 2. (Def.Opp.Ex. K). In an opinion dated September 30, 2005, the Second Department denied the request for a stay and denied plaintiffs' request for an enlargement of time to perfect. (Def.Opp.Ex. N).

The Marenos did not take a further appeal within the state court system.

Instead, on November 21, 2005, the Marenos, again appearing *pro se,* filed the above complaint in this Court, alleging that trial court's handling of their case violated the federal due process rights. They further petitioned this Court for an order to show cause and restraining order. This Court stayed the eviction of the Marenos pending resolution of the matter, and heard arguments from both sides via teleconference on November 22. An accelerated briefing schedule was set on that date, which was subsequently amended on December 16.

Plaintiffs' complaint is less than a model of clarity.[2] The grounds for their cause of action are more fully expressed in their Reply papers, which allege the following: (1) Justice Barone failed to take into account the Marenos' July 2 letter regarding their tax status; (2) Justice Barone erred in dismissing their answer and treating it as a limited notice of appearance—granting summary judgment to Dime Savings; (3) the court was required to mail them a copy of its decision, which they did not receive. Plaintiff's Reply at 1–2.

The Marenos' Reply also states that, at some point in 2004, they received a notice of a settlement in a Massachusetts class action, *Curry et al. v. Fairbanks Capital Corp.,* (No. 03 Civ. 10895), against Fairbanks Capital for violations of the federal Fair Debt Collection Practices Act. *See* Notice of Settlement (unnumbered Plaintiffs' Ex.). According to their responsive papers, the Marenos did not take the settlement "in lieu of the pursuit of remedies at law under the Fair Debt Collection Act." Reply to Defendants Answering Memorandum at 4. They are not here suing Fairbanks Capital and the complaint does not allege any claims under the F.D.C.P.A. Plaintiffs do say that Justice Barnes should have taken into consideration evidence of Fairbanks Capital's allegedly abusive credit practices, although they do not demonstrate that it was before the state court. Plaintiffs' Rep. at 2–3.

**Discussion**

▮▮▮ Defendant argues that plaintiffs' claims in this case are pre-empted by the *Rooker–Feldman* doctrine. *See Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The

**2.** It is true that plaintiffs in this case appear *pro se;* however, Mr. Mareno is an attorney and was a law clerk in the United States Customs Court for over twenty years.

*Rooker–Feldman* doctrine precludes cases brought in lower federal courts "by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.* 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005). It follows from 28 U.S.C. § 1257, the section of the U.S.Code that vests appellate power from state court decisions solely in the United States Supreme Court. By contrast, "the jurisdiction possessed by the District Courts is strictly original." *Rooker*, 263 U.S. at 416, 44 S.Ct. 149. *Rooker–Feldman* thus bars lower federal courts from hearing challenges to the substance of state-court decisions more properly raised on appeal, even where such challenges facially raise questions of federal law (such as a federal due process challenge to a state-court judgment). *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2d Cir.2005).[3]

■■■ The *Rooker–Feldman* doctrine "does not otherwise override or supplant preclusion doctrine." *Exxon–Mobil Corp.*, 544 U.S. at 284, 125 S.Ct. at 1522. It does not bar plaintiffs from raising claims in federal court based on the same facts, or even under the same statute, as a prior state case, although such claims might be barred under principles of *res judicata*, provided that plaintiffs complain of an injury independent of an adverse state court decision. The doctrine may be invoked only when the state decision is *itself* the source of the harm.

In the present case, plaintiffs have purported to assert a violation of due process claim against Dime Savings—a claim that would indeed circumvent the narrow limits of *Rooker* and *Feldman*.

However, no Fourteenth Amendment claim lies against Dime Savings, the only party here sued. Such a claim can only be brought against a person acting under color of state law. It is not alleged that Dime is a state actor, and it is perfectly apparent that Dime, a private business corporation, is NOT a state actor. *See Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). The fact that Dime went to court is irrelevant to the judgment about which the Marenos complaint; it is well settled that a private actor who invokes the jurisdiction of the courts to resolve a legal dispute does not thereby transform itself into a state actor. *See Dennis v. Sparks*, 449 U.S. 24, 28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

So if this Court looked to the name of the claim asserted—denial of due process (presumably under 42 U.S.C. § 1983)—the complaint would have to be dismissed for failure to state a claim.

Looking past the words "due process" to the *substance* of the claim asserted, it is obvious that what is being mounted here is an attack on the underlying state court judgment. The papers filed by the Marenos in support of their motion assign numerous legal errors to the trial judge— failure to consider evidence, failure to comply with local rules for distributing written opinions, error in dismissing plaintiffs' answer—and seek to have the judgment set aside on the basis of those errors. The injury that has been worked on the Mare-

---

**3.** The Second Circuit in *Hoblock* set forth a four-part test to determine when the *Rooker–Feldman* doctrine deprives this Court of subject-matter jurisdiction:

First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced. *Hoblock*, 422 F.3d at 85 (Internal quotations omitted). In addition to these four factors, the parties in the state and federal actions must be the same. *Id.* at 89.

nos is the existence of the state court judgment that threatens them with loss of their property. The gravamen of their claim is that the state court committed legal error when it entered that judgment. Thus, this is indeed the rare case in which the *Rooker–Feldman* doctrine (rather than collateral estoppel) bars the action.

Having concluded that *Rooker–Feldman* bars plaintiffs' claim, this Court lacks jurisdiction to address the underlying merits of plaintiffs' claims. I likewise decline to rule on the substance of defendant's other arguments in favor of dismissal.

Plaintiffs' Reply alludes to their intention to bring claims against Fairbanks Capital under the Fair Debt Collection Practices Act. This court lacks jurisdiction over the claims before it. If plaintiffs wish to bring a different lawsuit against a different party, that is their prerogative.

### Conclusion

The plaintiffs' complaint is dismissed for lack of subject matter jurisdiction. The stay of eviction granted by this Court on November 22, 2005 is lifted. The Clerk of the Court is directed to close the case.

This constitutes the decision and order of this Court.